2009 BNH 027
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                     Bk. No. 08-13703-MWV
                                                                            Chapter 7
Hinsdale Greyhound Racing
Association, Inc.,
                Debtor

*Steven M. Notinger, Esq.*
*DONCHESS, NOTINGER & TAMPOSI, P.C.*
*Attorney for the Chapter 7 Trustee*

*Peter C.L. Roth, Esq.*
*ENVIRONMENTAL PROTECTION BUREAU*
*Attorney for State of New Hampshire*


## MEMORANDUM OPINION

The Court has before it a motion filed by the State of New Hampshire (the "State") seeking relief from the automatic stay under 11 U.S.C. § 362[1] (the "Motion") (Ct. Doc. No. 80) to retain certain funds from the State's escrow account. The State alleges it has a right of payment under Title XXIV Chapter 284 of New Hampshire law ("Chapter 284") for amounts owed to the State by Hinsdale Greyhound Racing Association, Inc. (the "Debtor"), and a right of setoff for unpaid tax liabilities against the remainder. The trustee filed an objection to the State's Motion. On October 14, 2009, the Court held a hearing on the Motion and took the matter under advisement.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

**BACKGROUND**

The Debtor was engaged in the business of conducting dog races at which pari-mutuel pools were sold.  As a dog racing business, Chapter 284 subjected the Debtor to the rules associated with Horse and Dog Racing.  Pursuant to N.H. Rev. Stat. Ann. § 284:18, the Debtor was required to provide a bond to the State in order to cover the Debtor's liabilities under Chapter 284.  On April 6, 2006 and in accordance with § 284:18, the Debtor tendered a cash deposit to the State in the approximate amount of $100,000.  The State subsequently placed the Debtor's cash deposit into a segregated account with Fidelity Investments, combined with bonds from other raceways (the "Segregated Account").  Section 284:31 of New Hampshire law further prescribes the Debtor to deliver to the State, on or before January 31st of each year, all money collected during the previous year of unclaimed pari-mutuel pool tickets.

The Debtor filed its bankruptcy petition under chapter 7 of the code on December 15, 2008.  As of May 29, 2009, the amount of the Segregated Account attributed to the Debtor's cash deposit and interest on the same totals $113,097.96.  The State moves the Court for relief from stay to settle against the bond the alleged obligations owed by the Debtor in the amount of $96,914.59.  Additionally, the State moves for relief from the stay to exercise its setoff rights against the remainder of the bond for taxes owed by the Debtor in the amount of $15,674.17.  The trustee has filed an objection to the State's Motion arguing that the cash deposit provided by the Debtor does not constitute a "bond" within the meaning of Chapter 284.  Moreover, the State's collection from the Segregated Account unfairly leaves the estate vulnerable to claims for unpaid tickets, and includes collection for taxes and vouchers that are not covered under Chapter 284.

**DISCUSSION**

The bankruptcy estate is created and defined in § 541.  Section 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  However, courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interest in property as of the commencement of the case.  Butner v. United States, 440 U.S. 48 (1979).  Section 284:18 of New Hampshire law provides that:

> Every person, association, or corporation licensed under the provisions of the preceding sections hereof, shall, before said license is issued, give a bond to the state in such reasonable sum not exceeding $300,000, as may be fixed by the commission, with a surety or sureties to be approved by the commission, conditioned to faithfully make the payments prescribed hereby, including the compensation of stewards, veterinarians or judges employed by the state of New Hampshire at any race or meet . . . .

N.H. Rev. Stat. Ann. § 284:18. The trustee argues that funds provided by the Debtor were in the form of cash deposits and not a bond for which the State is entitled to retain under Chapter 284. However, N.H. Rev. Stat. Ann. § 21:25-a states that "[w]henever a person is required to recognize or give a bond 'with sufficient sureties,' . . . the deposit of cash in the required amount shall be deemed sufficient." The cash funds deposited by the Debtor and the State into the Segregated Account fall within the purview of 21:25-a, and are considered by this Court to be the equivalent of a bond.

Since the Court has determined that the Segregated Account is equivalent to a bond, the next inquiry begins with an analysis of the debtor's rights under the bond according to New Hampshire law. The State alleges that it has a right to retain funds from the bond for the Debtor's Chapter 284 obligations, and a right to set-off against the remainder for unpaid tax liabilities. The State's claims can be summarized by the following chart:

| Description of Item: | Pursuant to New Hampshire Law: | Amount Owed: |
| --- | --- | --- |
| Breakage and Taxes | § 284:22 and § 284:23 | $7,660.77 |
| Judge and Vet fees | § 284:20-d | $1,043.29 |
| Unpaid tickets | § 284:31 | $77,976.40 |
| Unpaid vouchers | § 284:31 | $10,234.13 |
| 2007 Taxes | § 77-E:2 | $1,925 |
| 2008 Taxes | § 77-E:2 and § 78-A:6 | $13,749.17 |
| **Total Amount Owed:** |  | **$112,588.76**[2] |

The present case is akin to limitations placed on a bank's right to setoff against accounts that were intended

---

[2]While the parties disagree as to the State's right to payment under Chapter 284, the amounts owed are not in dispute.

-3-

for a special purpose.  See Good Stuff Entm't Corp. v. Commerce Bank & Trust Co. (In re Good Stuff Entm't Corp.), 2002 BNH 027 (Bankr. D.N.H. 2002).  The bond provided to the State under Chapter 284 is dedicated to a specific purpose; that is, to settle the obligations of the Debtor under Chapter 284.  The taxes owed for fiscal years 2007 and 2008 fall under Chapters 77 and 78.  As such, the State cannot setoff against a bond that is dedicated for a specific purpose.

The State also claims that it is entitled to monies for unpaid tickets and vouchers under § 284:31.  The trustee argues that the State is not entitled to monies for unpaid vouchers, because the State has never collected for such a claim in the past.  Furthermore, the trustee contends that § 284:31 only entitles the State to monies for unpaid tickets for which actual claims have been filed.  Section 284:31 provides that:

> On or before January 31 of each year every person, association or corporation conducting a race or race meet, whether live racing or simulcast racing, hereunder shall pay to the state treasurer all moneys [sic] collected during the previous year of pari-mutuel pool tickets which have not been redeemed.  The books or records of said person, association or corporation, which clearly show the tickets entitled to reimbursement in any given race, live or simulcast, shall be forwarded to the commission.  Such moneys [sic] shall become a part of the general funds of the state . . . .

N.H. Rev. Stat. Ann. § 284:31.  Since the term "vouchers" is specifically omitted from § 284:31, and the State admitted it had not collected on unpaid vouchers in the past, the State is not entitled to that amount now.  However, § 284:31 is clear that all unclaimed ticket money must be paid to the State regardless of the actual amount the State will have to pay out.  Consequently, the State is entitled to settle the Chapter 284 bond for breakage and taxes, judge and veterinarian fees, and unpaid tickets in the aggregate amount of $86,680.46.  The language of § 284:18 provides the Debtor with a contingent right or interest in the remainder of the bond.  Any such remainder would become property of the estate.  Here, the remainder that becomes property of the estate is $26,417.50 in addition to any interest accrued as of May 29, 2009.

## CONCLUSION

For the reasons set out herein, the Court finds that the State is entitled to relief from the automatic stay to settle the Chapter 284 bond in the amount of $86,680.46.  The remainder of the Chapter 284 bond in the amount of $26,417.50 in addition to any interest accrued as of May 29, 2009 is property of the estate.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 23rd day of October, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge
